

ANTHONY ASEBEDO (State Bar No. 155105)
**MEEGAN, HANSCHU & KASSENBROCK**
Attorneys at Law
11341 Gold Express Drive, Suite 110
Gold River, CA 95670
Telephone: (916) 925-1800
Facsimile: (916) 925-1265

Attorneys for the Debtor

FILED
OCT 26 2011
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### [Sacramento Division]

In re:

ROOF TOP METAL PRODUCTS, INC.,

Debtor.

Case No. 11-41052-B-11
Docket Control No. MHK-2

Date: September 27, 2011
Time: 9:32 a.m.
Dept: B (Courtroom 32)
Hon. Thomas C. Holman

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN REGARD TO DEBTOR'S MOTION FOR
AUTHORITY TO SELL SUBSTANTIALLY ALL OF DEBTOR'S
PERSONAL PROPERTY PURSUANT TO ASSET PURCHASE AGREEMENT
FREE AND CLEAR OF LIENS AND INTERESTS; FOR AUTHORITY TO
PAY UNDISPUTED LIEN OF BANK OF THE WEST; AND FOR RELATED RELIEF**

Having considered the Motion for Authority to Sell Substantially All of Debtor's Personal Property Pursuant to Asset Purchase Agreement Free and Clear of Liens and Interests; For Authority to Pay Undisputed Lien of Bank of the West; And For Related Relief ("the Motion") filed on August 30, 2011 by Roof Top Metal Products, Inc., as debtor in possession (the "Debtor"), the other pleadings, evidence, and papers in support of and in opposition to the Motion, and the arguments of counsel; and there

///
///
///

RECEIVED
October 10, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003823412

-1-

aa:\mhk-2 sale findings-f

having been no competing offers or bids made in compliance with the minimum overbid requirements set by the court; the court supplements its findings of fact and conclusions of law made on the record at the hearing, as follows:

1. This court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157(a). The Motion is a core proceeding under 28 U.S.C. § 157(b).

2. Due and proper notice of the Motion and of the hearing thereon has been given to all parties entitled thereto, and such notice is hereby approved.

3. On August 29, 2011, Roof Top Metal Products, Inc. (the "Debtor") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code. The Debtor is the owner of that personal property more particularly described in the Motion (the "Sale Assets"). The Debtor is a debtor in possession.

4. With respect to the interest of Bank of the West (the "Bank") in the Sale Assets, the Bank has consented to the sale of the Sale Assets free and clear of the Bank's interest as more specifically set forth in the Bank's Response to Debtor's Motion for Authority to Sell Substantially All of the Debtor's Personal Property Pursuant to Asset Purchase Agreement Free and Clear of Liens and Interest; for Authority to Pay Undisputed Lien of Bank of the West; and for Related Relief filed on September 13, 2011 in the above-entitled chapter 11 case; and with respect to the purported interest of Citicorp Leasing, Inc. ("Citicorp"), such interest is in bona fide dispute. Citicorp was duly served with the Motion containing the request that the sale occur free and clear of the Citicorp liens and Citicorp did not oppose or otherwise appear in connection with the Motion.

5. Although overbid procedures were set by the court and bids were requested, no overbid was made at the hearing on the Motion. The property which is subject of the Motion and this order has an approximately fair market value of

///

///

///

$1,025,000. The sale proposed by Debtor is the best that can be obtained and is in the best interest of Debtor's bankruptcy estate. Before the Petition Date, the Debtor committed substantial and material defaults under a Plan of Reorganization confirmed in a prior Chapter 11 case and had closed down its business and terminated its employees. The purchaser, American Builders & Contractors Supply Co., Inc. dba American Construction Metals ("ABC"), intends to operate a business in the Debtor's prior business premises.

6. It is in the common interest of creditors of the estate, and to facilitate the transfer of the Sale Assets to ABC in the condition bargained for in the Asset Purchase Agreement, as amended ("APA"), for the estate to transfer and assign to ABC any and all causes of action held by the estate to avoid or invalidate liens or interests that may encumber the Sale Assets, including causes of action under Bankruptcy Code §§ 544, 545, 547 and 548.

7. As a sale by a debtor in possession in bankruptcy, the sale provided for in the APA is exempt from compliance with Bulk Sale Laws pursuant to California Commercial Code § 6103 (c) (7).

8. ABC is purchasing the Sale Assets in good faith within the meaning of 11 U.S.C. § 363(m), without any fraud, collusion, or improper influence and, as such, is entitled to the protections offered by such statute. The APA between the Debtor and ABC was negotiated in good faith and from arm's length.

9. Implementation and effectuation of the proposed sale is in the best interests of the Debtor's chapter 11 estate; the Debtor has good, valid, and marketable

///
///
///
///
///
///

aa:\mhk-2 sale findings-f

title to the Sale Assets; the Debtor is authorized to convey such title to ABC, and such title shall be transferred to ABC in accordance with the terms and conditions of the APA.

An appropriate order will issue.

APPROVED:

Felderstein Fitzgerald Willoughby & Pascuzzi LLP

By: /s/ Donald W. Fitzgerald
Donald W. Fitzgerald
Attorneys for ABC

Jeffer Mangels Butler & Mitchell LLP

By: [Signature on following page]
Robert B. Kaplan
Attorneys for the Bank

Dated: OCT 26 2011

/s/ Thomas C. Holman
Thomas C. Holman
Judge, United States Bankruptcy Court

title to the Sale Assets; the Debtor is authorized to convey such title to ABC, and such title shall be transferred to ABC in accordance with the terms and conditions of the APA.

An appropriate order will issue.

APPROVED:

Felderstein Fitzgerald Willoughby & Pascuzzi LLP

By:_____
Donald W. Fitzgerald
Attorneys for ABC

Jeffer Mangels Butler & Mitchell LLP

By:_____
Robert B. Kaplan
Attorneys for the Bank

Dated:_____

_____
Thomas C. Holman
Judge, United States Bankruptcy Court